620 F.2d 286
 80-1 USTC P 9355
 Unpublished Disposition
NOTICE: Second Circuit Local Rule 0.23 states unreported opinions shall not be cited or otherwise used in unrelated cases.
United States of America, and William Sweerus, Special
Agent, Internal Revenue Service, Petitioners-Appellees
v
Chase Manhattan Bank, Respondent, and Joel M. White,
Intervenor-Appellant.
 Docket No. 79-6261.
 United States Court of Appeals, Second Circuit.
 Feb. 26, 1980.
 
 1
 Before WATERMAN, MANSFIELD, Circuit Judges, WEINSTEIN, United States District Judge Eastern District of New York sitting by designation.
 
 
 2
 Intervenor-appellant Joel M. White appeals from an order on remand from this court (United States v. Chase Manhattan Bank [79-2 USTC p 9658], 598 F.2d 321 (2d Cir.1979)) of the Honorable Constance Baker Motley, United States District Judge for the Southern District of New York, filed November 30, 1979, granting the Government's application for the enforcement of an Internal Revenue Service summons issued and served upon Chase Manhattan Bank seeking certain bank records concerning White's account.
 
 
 3
 On April 30, 1979, this Court vacated a prior District Court order, dated November 6, 1978, also directing that this IRS summons be enforced. This Court remanded the case to the District Court for further proceedings to determine the nature and extent of the relationship between the investigation of White by the IRS and what had appeared at that time to be an ongoing Department of Justice ("Justice") investigation into White's activities.
 
 
 4
 On remand, the District Court allowed White to file interrogatories and request the submission of affidavits from certain Government officials who either had been involved, or were involved, in any investigations into White's activities. The submitted affidavits and answers to White's interrogatories revealed that Justice had declined in March, 1978, two months prior to the issuance of the IRS summons, to take further steps to obtain an indictment of White on charges of commercial bribery, interstate transportation of stolen property and mail and wire fraud, and had ceased its investigation into White's activities. In addition, both Justice and the FBI maintained that they never had requested the IRS to obtain financial information on White, and that they had never engaged in any concerted joint interagency investigation of White with the IRS. On the basis of these facts, the District Court, on October 10, 1979, issued an order enforcing the summons, and denied White's request for an evidentiary hearing on the matter. White successfully petitioned the District Court to reconsider its decision and to grant his request for an evidentiary hearing. Such a hearing was held on November 27, 1979, and the testimony given essentially confirmed the representations contained in the Government's affidavits and in the answers to interrogatories. Accordingly, the District Court ordered the enforcement of the IRS summons.
 
 
 5
 The record on this appeal clearly demonstrates that there is no currently pending non-tax investigation of White. Therefore, in view of the fact that Justice had made a decision, for tactical reasons, not to seek indictment of White before the IRS summons issued, the IRS obviously is not employing its civil summons power to gather information for any other agency's use in an "imminent" criminal prosecution of White. White's only other two arguments likewise lack support in the record. Although White contends that past inter-agency contracts have been so significant that they establish the existence of a previous joint interagency investigation, the District Court concluded that such contacts were merely instances of permissible interagency cooperation. Finally, despite White's allegations that the IRS itself has decided to refer a criminal tax evasion prosecution to Justice at some point in the future and has issued this summons with that purpose in mind, the District Court found that White had not shown the existence of an "institutional posture" toward this course of action. This Court does not regard the opinion of the District Court to be clearly erroneous in these respects, and therefore it is now hereby ordered, adjudged and decreed that the order of said District Court directing the Bank to comply with the summons of May 1, 1978 be and it hereby is AFFIRMED.